UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30001 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-06057-LRS-1 Eastern District of Washington, Spokane |
| v. | |
| BENJAMIN GROTE, | |
| Defendant - Appellant. | ORDER |

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

The panel has unanimously voted to deny the petition for panel rehearing. Judges McKeown and Bea have voted to deny the suggestion for rehearing en banc, and Judge Hawkins so recommends.

The full court has been advised of the suggestion for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35(b).

The petition for panel rehearing and the suggestion for rehearing en banc are denied. No further petitions shall be entertained.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>BENJAMIN GROTE,<br><br>Defendant - Appellant. | No. 10-30001<br><br>D.C. No. 2:08-cr-06057-LRS-1<br><br>AMENDED<br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, Chief District Judge, Presiding

Argued and Submitted August 31, 2010
Seattle, Washington

Before: HAWKINS, McKEOWN and BEA, Circuit Judges.

Benjamin Grote ("Grote") appeals his conviction for possession of an

unregistered firearm in violation of 26 U.S.C. § 5861(d). Grote contends that the

district court erred when it denied his Fourth Amendment motion to suppress

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

evidence seized from his truck and mobile home. We have jurisdiction under 28 U.S.C. § 1291. We find no merit in Grote's contentions, and affirm.[1]

I.      The Search of Grote's Vehicle

The officers' search of Grote's vehicle was permissible as a search incident to arrest under *Arizona v. Gant*, 129 S. Ct. 1710, 1719 (2009), because it was "'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" *Id.* (quoting *Thornton v. United States,* 541 U.S. 615, 632 (2004) (Scalia, J., concurring)). It was reasonable to believe that the car might contain one or more bottles of open liquor or drugs. Because officers had reasonable belief that the car contained evidence relevant to a DUI, they could legally search the entire passenger compartment under *Gant. See id.* There was no need for officers to limit their search to the brown paper bag. ("[t]he offense of arrest will supply a basis for searching *the passenger compartment* of an arrestee's vehicle and any containers therein.") (emphasis added).

II.     The Search of Grote's Mobile Home

Grote contends his consent to search the trailer in which he lived was tainted by officers' exclusion of Grote from the trailer. Under the balancing test in *Illnois*

---

[1] Because the parties are familiar with the facts of the case, we will repeat them here only to the extent necessary to explain our decision.

*v. McArthur*, 531 U.S. 326, 331-32 (2001), the officers' warrantless seizure of Grote's trailer was reasonable. Because the officers found a .223 caliber magazine—but no .223 rifle—in Grote's truck the day before, there was probable cause to believe Grote's trailer contained an illegal firearm, and thus, evidence of a crime or contraband. Excluding Grote from the trailer was less intrusive than searching the trailer without a warrant. Grote was excluded from the trailer for only ten minutes before he decided to "get this over with" and consented to a search. And during Grote's short exclusion from his trailer, a police officer was diligently working on obtaining a warrant. Because the warrantless seizure of Grote's residence was reasonable, Grote's consent to the search was also valid.

**AFFIRMED.**

3